## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## BRUNSWICK DIVISION

JORDAN USMAN,

        Petitioner,

   v.

COMMISSIONER TIMOTHY WARD,

        Respondent.

CIVIL ACTION NO.: 2:21-cv-54

## ORDER AND REPORT AND RECOMMENDATION

Petitioner Jordan Usman ("Usman") filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging his 2012 Glynn County, Georgia conviction and sentence.  Doc. 4. Respondent filed an Answer-Response and supporting exhibits.  Docs. 10, 11.  Usman filed a Reply.  Doc. 16.  For the reasons set forth below, I **RECOMMEND** the Court **DENY** Usman's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Usman leave to proceed *in forma pauperis* and a Certificate of Appealability.  I **DENY** Usman's Motion for Evidentiary Hearing.  Doc. 15.[1]

## BACKGROUND

Usman was indicted in April 2012 of three counts of child molestation (counts 1, 3, and 4) and one count of sexual battery of a child under 16 years of age (count 2).  Doc. 10-1 at 1.  In November 2012, Usman entered a non-negotiated plea to two counts of child molestation and

---

[1]    Though docketed as Usman's Response to Respondent's Response, Document Number 15 is actually Usman's Affidavit construed as a Motion for Evidentiary Hearing.  Document Number 16 is Usman's Affidavit construed as a Reply to the Response.  The Court **DIRECTS** the Clerk of Court to amend the docket in this case to reflect the more accurate descriptions of these submissions.

was sentenced on January 16, 2013, to 20 years' imprisonment on the first count and a consecutive "split" sentence of 20 years on the second count—14 years in prison and the balance on probation.  Id. at 1–2.  Alex Smith with the Circuit Public Defender's Office represented Usman at the plea and sentencing hearings.  The Glynn County judge conducted a hearing two days later to inform Usman of his right to appeal, at which he was represented by a different public defender.  Usman filed a notice of appeal on February 12, 2013, and was later represented by Long Vo on appeal.  Id. at 2.

On appeal, Usman contended the trial court did not advise him properly of his right to withdraw his plea, which resulted in the filing of an untimely motion to withdraw.  Id.  Usman also contended he was misled into believing he could raise an ineffective assistance claim on appeal without moving to withdraw his plea or develop the record and about whether he had to affirmatively request post-conviction counsel.  Id. at 3.  The Georgia Court of Appeals found Usman's contentions were without merit and affirmed his convictions.  Usman v. State, 768 S.E.2d 110 (Ga. Ct. App. 2015).

Usman then filed a state habeas corpus petition and contended his previous attorneys provided ineffective assistance of counsel and his guilty plea was not voluntary.  Doc. 10-1 at 3; Doc. 11-1 at 5.  Usman specifically alleged his guilty plea counsel, Mr. Smith, failed to investigate the facts and law and prepare his alibi defense and failed to interview known witnesses and have them appear at trial.  Doc. 11-1 at 9.  Usman also alleged Mr. Smith "manipulated, coerced, threatened, [and] misled" him to enter a plea because Usman believed he could not have a jury trial and did nothing to prepare Usman for the plea proceeding, including failing to object to the trial court's acceptance of the guilty plea and not having a similar transaction hearing.  Id. at 9, 14.  Further, Usman stated Mr. Smith did not inform him he could

withdraw his plea before sentencing and he had a right to appeal his conviction.  Id. at 9.  Usman

maintained his appellate counsel, Mr. Vo, rendered ineffective assistance because he failed to

investigate the case, by which he would have discovered the trial court erred by allowing the

similar transaction evidence without a hearing and failing to "sufficiently advise" Usman about

his right against self-incrimination and of his post-conviction rights.  Id. at 17.  Mr. Vo was also

ineffective for failing to raise claims of ineffective assistance of guilty plea counsel, "which

clearly demonstrated . . . [guilty plea] counsel was non-functioning[]" and for failing to create a

record on appeal by raising only one ground.  Id.  After an evidentiary hearing, the state court

judge denied Usman's petition.  Doc. 11-2.  The Georgia Supreme Court denied Usman's

application for certificate of probable cause in November 2018.  Doc. 10-1 at 3.

Also in 2018, Usman filed two motions with the trial court, one to recuse and the other

"in arrest of judgment[,]" which the trial court construed as a motion to vacate a void judgment.

The trial court denied both motions.  Id. at 3–4.  The Georgia Court of Appeals affirmed the trial

court's denial on the motion to recuse but vacated Usman's sentence on the child molestation

conviction as violative of Georgia law requiring a "split" sentence.  The trial court re-sentenced

Usman on August 11, 2020, to concurrent "split" terms for both counts of conviction—14 years

in prison with 6 years on probation.  Id. at 4.  Usman has now filed his § 2254 Petition, which is

fully briefed and ripe for review.

## DISCUSSION

In his Petition, raises four separate grounds for relief.  First, Usman asserts he is actually

innocent of the offenses charged and of conviction, as he had evidence showing he was in

California at the time of the offenses.  Doc. 4-1 at 23 (Ground 1).  Relatedly, Usman states his

guilty plea counsel (Mr. Smith) was ineffective for: (a) failing to investigate his alibi defense or

present his documented evidence, which he sent to counsel and which corroborated his alibi defense; (b) not calling two witnesses who could have verified Usman was in California at the time of these offenses, id. at 23–24; (c) misleading him and the trial court by announcing in open court it was "virtually impossible" for Usman to have a jury trial because he entered a plea to charges in Alabama, id. at 24; (d) allowing a similar transaction into the court record without investigating the facts or asking for a hearing, id.; and (e) abandoning him after sentencing and failing to inform Usman he could appeal his conviction.  Id. (Ground 2).  Usman also contends his appellate counsel (Mr. Vo) was ineffective because he: (a) failed to raise ineffective assistance claims against trial counsel; (b) failed to investigate the case and raise meritorious trial errors; (c) refused to supplement the appeal when errors were brought to his attention; and (d) gave Usman misleading advice when he asked counsel to supplement the appeal.  Id. at 25–26 (Ground 3).  Finally, Usman contends defense counsel was vindictive based on the charges he faced because counsel could have investigated Usman's whereabouts but did not.  Id. at 26 (Ground 4).

Respondent asserts the state habeas court's determination on Usman's claims in Grounds 1, 2, 3(a) and (b), and 4 are entitled to deference.  Doc. 10-1 at 5.  In addition, Respondent asserts parts (c) and (d) of Ground 3 are new claims but are procedurally defaulted under Georgia's successive petition rule.  Id. at 18.

I.     **The State Court's Determination Is Entitled to Deference**

A.     **Standard of Review**

Section 2254(d) of Title 28 of the United States Code sets forth the deference to be afforded to a State court's legal determinations:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any

claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

§ 2254(d).  In reviewing a petitioner's habeas claim under § 2254(d)(1), a court should first determine the law that was "clearly established" by the United States Supreme Court at the time the State court adjudicated the petitioner's claim.  Williams v. Taylor, 529 U.S. 362, 391 (2000). After determining the clearly established law, the reviewing court should next determine whether the State court's adjudication was "contrary to" clearly established Supreme Court caselaw or involved an unreasonable application of that clearly established Supreme Court law.  Id.  A state court's adjudication is contrary to clearly established Supreme Court caselaw if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the State court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."  Id. at 413 (O'Connor, J., concurring).  A state court's decision involves an unreasonable application of clearly established Supreme Court law if the "court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  Id.  A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively reasonable.  Id. at 409 (O'Connor, J., concurring).  To justify issuance of the writ under the "unreasonable application" clause, the state court's application of Supreme Court precedent must be more than just wrong in the eyes of the federal court; it "must be 'objectively unreasonable.'"  Knight v. Fla. Dep't of Corr., 936 F.3d 1322,

1331 (11th Cir. 2019) (quoting <u>Virginia v. LeBlanc</u>, 582 U.S. 91, 94 (2017); in turn quoting

<u>Woods v. Donald</u>, 575 U.S. 312, 316 (2015)); <u>see also</u> <u>Bell v. Cone</u>, 535 U.S. 685, 694 (2002)

(explaining "an unreasonable application is different from an incorrect one").  In applying the

deference standard, a reviewing court is to look to the decision of the last court which issued a

merits-based, reasoned determination.  <u>Wilson v. Sellers</u>, 138 S. Ct. 1188, 1192 (2018); <u>see also</u>

<u>Pye v. Warden, Ga. Diagnostic Prison</u>, 50 F.4th 1025, 1034 (11th Cir. 2022) (quoting <u>Wilson</u> and

stating "the federal court must 'look through' the unexplained decision to the last related state-

court decision that does provide a relevant rationale' and 'presume that the unexplained decision

adopted the same reasoning.'").

**B.      Clearly Established Law**

The clearly established law regarding ineffective assistance of counsel is found in

<u>Strickland v. Washington</u>, 466 U.S. 668 (1984).  To prevail on a claim of ineffective assistance

of counsel, the defendant must demonstrate (1) his counsel's performance was deficient, i.e., the

performance fell below an objective standard of reasonableness, and (2) he suffered prejudice as

a result of that deficient performance.  <u>Strickland</u>, 466 U.S. at 685–86.  To make an ineffective

assistance of appellate counsel claim based on appellate counsel's failure to raise ineffective

assistance of trial counsel claims, the petitioner must make the same showing <u>Strickland</u>

requires: "(1) his appellate counsel's failure to raise ineffective assistance of trial counsel was

deficient performance, and (2) a reasonable probability exists that the neglected claim would

have succeeded on appeal."  <u>Icenhour v. Medlin</u>, No. 6:12-cv-116, 2013 WL 3967399, at *2

(S.D. Ga. July 31, 2013) (citing <u>Searcy v. Fla. Dep't of Corr.</u>, 485 F. App'x 992, 996 (11th Cir.

2012); in turn citing <u>Heath v. Jones</u>, 941 F.2d 1126, 1130 (11th Cir. 1991)).

The deficient performance requirement concerns "whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." Hill v. Lockhart, 474 U.S. 52, 56 (1985). There is a strong presumption counsel's conduct fell within the range of reasonable professional assistance. Davis v. United States, 404 F. App'x 336, 337 (11th Cir. 2010) (citing Strickland v. Washington, 466 U.S. 668, 686 (1984)). "It is petitioner's burden to 'establish that counsel preformed outside the wide range of reasonable professional assistance' by making 'errors so serious that [counsel] failed to function as the kind of counsel guaranteed by the Sixth Amendment.'" LeCroy v. United States, 739 F.3d 1297, 1312 (11th Cir. 2014) (quoting Butcher v. United States, 368 F.3d 1290, 1293 (11th Cir. 2004) (alteration in original)). "Showing prejudice requires petitioner to establish a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. (internal citation omitted). "The prejudice prong requires a petitioner to demonstrate that seriously deficient performance of his attorney prejudiced the defense." Id. at 1312–13. "The likelihood of a different result must be substantial, not just conceivable." Harrington v. Richter, 562 U.S. 86, 112 (2011). Under the deficient performance prong, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. "To show an attorney's choice of strategy is unreasonable, a petitioner must show no competent counsel would have made such a choice." Brooks v. Perry, No. CV418-248, 2019 WL 2913799, at *4 (S.D. Ga. May 7, 2019), report and recommendation adopted, 2019 WL 2913313 (S.D. Ga. July 3, 2019) (citing Strickland, 466 U.S. at 690). Prejudice "occurs if 'but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Rivers v. United States, Case Nos. CV415-194, CR414-99, 2016 WL 2646647 at *1 n.2 (S.D. Ga. May 9, 2016) (quoting Strickland, 466 U.S. at 687).

In the context of ineffective assistance claims previously rejected by a state court, the petitioner bears the even heavier burden of 'show[ing] that the [state courts] applied Strickland to the facts of his case in an objectively unreasonable manner.'" McDuffie v. Smith, No. CV 319-051, 2020 WL 2744113, at *8 (S.D. Ga. Apr. 3, 2020), *report and recommendation adopted*, 2020 WL 2739822 (S.D. Ga. May 26, 2020) (quoting Bell v. Cone, 535 U.S. 685, 699 (2002); and then citing Cave v. Sec'y for Dep't of Corr., 638 F.3d 739, 748 (11th Cir. 2011) (noting where the state court has previously adjudicated a claim on the merits, the petitioner "has the additional burden of demonstrating that the state court's application of this demanding standard was not merely wrong, but objectively unreasonable")). "[I]t is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied Strickland incorrectly." Bell, 535 U.S. at 99. "In short, an *unreasonable* application of federal law is different from an *incorrect* application of federal law." Barwick v. Sec'y, Fla. Dep't of Corr., 794 F.3d 1239, 1245 (11th Cir. 2015) (italics in original).

"Federal habeas courts must guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Harrington, 562 U.S. at 105. In addition, federal habeas courts are also guided "by the mandate that factual determinations made by a state court are presumptively correct unless rebutted by clear and convincing evidence." McDuffie, 2020 WL 2744113, at *9 (citing 28 U.S.C. § 2254(e)(1)). "Moreover, [the] AEDPA requires the Court give deference to the state-court decision, and that deference must be 'near its apex' when considering Strickland claims that turn on general, fact-driven standards." Boos v. White, No. CV 120-082, 2021 WL 4075828, at *5 (S.D. Ga. July 20, 2021),

*report and recommendation adopted*, 2021 WL 4073281 (S.D. Ga. Sept. 7, 2021), *certificate of appealability denied sub nom.* Boos v. Warden, No. 21-13281-C, 2022 WL 892506 (11th Cir. Jan. 31, 2022), *cert. denied sub nom.* Boos v. White, 143 S. Ct. 242 (2022) (quoting Sexton v. Beaudreaux, 138 S. Ct. 2555, 2560 (2018)).  The Georgia Supreme Court summarily denied Usman's application for certificate of probable cause to appeal the denial of his state habeas corpus petition, so this Court must review the Mitchell County Superior Court's decision on Usman's state habeas petition.  Wilson, 138 S. Ct. at 1192.

### C.   Application to State Habeas Court's Determination

#### 1.   *Usman does not meet his burden to show the state habeas court applied* ***Strickland*** *improperly to his claim his guilty plea counsel was ineffective for failing to investigate Usman's alibi defense (Ground 1).[2]*

Respondent asserts the state habeas court applied Strickland in a reasonable manner to deny Usman relief on this ground.  Doc. 10-1 at 14.  Thus, Respondent maintains the state court's decision is entitled to deference.

Usman asserts he never received any communication from his counsel during the pre-trial process and counsel did not file any motion on Usman's behalf or investigate his innocence or alibi claim.  Doc. 16 at 4.  Usman also asserts his counsel made no effort to call, verify, or secure testimony from the alibi witnesses Usman provided.  Id.

The state habeas court noted Alex Smith, Usman's guilty plea counsel, had been practicing law since 1982.  At the time Mr. Smith was representing Usman, he was a public defender and had handled over 100 felony jury trials and at least 1,000 guilty pleas.  Doc. 11-2 at

---

[2]     To the extent Usman raises an actual innocence claim, such a claim cannot be a freestanding claim in a § 2254 petition.  Collins v. Sec'y, Dep't of Corr., 809 F. App'x 694, 696 (11th Cir. 2020) (recognizing a "freestanding actual innocence claim in a non-capital § 2254 petition is not cognizable[]").  Thus, the Court, like Respondent, interprets this as a claim Usman's guilty plea counsel rendered ineffective assistance relating to his alibi defense claims.  Doc. 10-1 at 13 n.6.

4.  The state habeas court observed Mr. Smith did research the "alibi issue, including looking at the indictment and the dates cited."  Id. at 6.  However, the court noted Mr. Smith did not present any alibi defense evidence because Usman had decided to enter a plea and not go to trial.  The state habeas court also noted if Mr. Smith had filed a notice of intent to rely on an alibi defense for the date charged, he knew the prosecutor would have investigated further and re-indicted Usman to discount the defense.  Id. at 7.  In addition, the court noted Mr. Smith had not contacted potential defense witnesses at the time Usman decided to plead guilty, though Mr. Smith did speak with Usman's ex-wife and sister "several times."  Id.  The state habeas court noted Usman did not carry his burden to demonstrate, but for Mr. Smith's alleged ineffective assistance, he would not have pleaded guilty and gone to trial.  Id. at 8.

As noted, Mr. Smith investigated Usman's case, including a potential alibi defense.  Id. at 9.  It was because Usman decided to enter a guilty plea that Mr. Smith did not advance this defense.  Usman fails to show the state habeas court's determination presents an unreasonable application of Strickland and is not entitled to deference.  In addition, Usman presents no evidence the state habeas corpus court's factual determination on this ground is unreasonable in light of the evidence presented to it, and Usman has certainly not presented clear and convincing evidence the factual determination was incorrect.  Thus, Usman is not entitled to relief on this ground.

### 2. Usman does not meet his burden to show the habeas court applied Strickland improperly to his claim his guilty plea counsel was ineffective for various reasons (Ground 2)

Respondent contends the state habeas court reasonably concluded Usman did not show guilty plea counsel was ineffective for not objecting to the admission of aggravation evidence at sentencing or that this evidence was inadmissible.  Doc. 10-1 at 15.  In addition, Respondent

alleges Usman did not establish his guilty plea counsel misled him or told him it would be "virtually impossible" to receive a jury trial.  Id. at 15–16.  Respondent also alleges guilty plea counsel researched a potential alibi defense but did not present this defense because Usman decided early on to plead guilty.  Id. at 16.

In response, Usman states he sent letters to his guilty plea counsel and expressed concerns about the charges against him and had documents that would help his defense.  Doc. 16 at 6.  Usman asserts he told guilty plea counsel of his whereabouts on the date of the criminal conduct, which could be confirmed by evidence sent to counsel.  Usman claims he had verifiable documents for his alibi defense, yet counsel did not investigate.  Id. at 8.  In addition, Usman contends counsel did not present any opposition to the prosecution's case and did not test the prosecution's case.  Id. at 9.  Usman asserts he made "several attempts" to show he wanted a jury trial, and he asked Mr. Smith about filing his documents with the court and to have a motion for alibi defense filed before he pleaded guilty.  Id. at 12.  However, Usman claims Mr. Smith misled and manipulated him into believing he could not have a jury trial based on his guilty plea in Alabama.  Id. at 13.  Moreover, Usman states the trial court failed to conduct a similar transaction hearing, which should have rendered inadmissible an affidavit from a previous victim.  Id. at 14.  Usman contends his counsel abandoned his case after sentencing and failed to inform Usman he could appeal his conviction, resulting in Usman having to file an appeal himself.  Id. at 17–18.  Under this ground and its subparts, other than the subpart relating to an appeal, Usman generally asserts he would not have entered a guilty plea and the results of his proceedings would have been different but for guilty plea counsel's ineffective assistance.

The state habeas court credited Mr. Smith's testimony at the hearing and noted he received and reviewed the discovery the State provided and discussed the discovery with Usman,

as well as the possible range of sentences.  Doc. 11-2 at 4.  In addition, the court found Mr.

Smith spoke "at length" with Usman about the possibility of a trial but realized "quickly" a trial

would be an "unwise way to go" based on the strength of the State's evidence against Usman,

with Usman deciding early on to plead guilty based on "the overwhelming evidence of guilt."

Id.  And when Mr. Smith relayed the State's offer on a recommended sentence of 20 years, to

serve 10, and Usman told him he thought 10 years in custody was too much, Mr. Smith discussed

with the prosecutor the option of Usman entering a non-negotiated or "open plea," which would

leave the length of the sentence up to the court.  Id. at 5.  While the prosecutor informed Mr.

Smith she would still ask the court for the same sentence, Mr. Smith told Usman he would ask

the court for a 20-year sentence, to serve 5 years, and the trial court could impose a sentence in

between because the court was not bound by either recommendation.  Usman then elected to

enter a non-negotiated plea.  Id.  Mr. Smith reviewed the plea petition and waiver-of-right form

with Usman and advised him of his rights, including proceeding to trial, and he was waiving

those rights by pleading guilty, and Usman understood.  In fact, Mr. Smith testified Usman never

asked to withdraw his plea of guilty between the time of his plea hearing and sentencing, yet Mr.

Smith told Usman the judge could impose any sentence the law allowed and he could withdraw

his plea at any time before sentencing.  Id. at 5–6.  The state habeas court observed Usman was

advised in writing of his limited right to appeal from the plea proceeding and did pursue a direct

appeal.  Id. at 10.

Further, Mr. Smith asked for and received a request for a separate sentencing hearing, at

which the prosecution presented aggravation evidence from the victims' father and a similar

transaction victim and evidence of Usman's conviction in Alabama relating to the same victims

and conduct as the Georgia case.  Id. at 6.  In response, Mr. Smith presented argument in

mitigation of sentence and also asked the court to impose a sentence of 20 years, to serve 5.  The

state habeas court noted Mr. Smith did not object to the similar transaction evidence because

Usman decided to plead guilty early in the proceedings before such a hearing could be held.  Id.

at 7.

The court stated it credited Mr. Smith's testimony and determined Mr. Smith discussed

the strength of the evidence with Usman, advised Usman of his options, and discussed the State's

plea offer and Usman entering a non-negotiated plea.  Id. at 9.  Usman fails to show the state

habeas court applied Strickland in an unreasonable manner and is not entitled to relief on this

ground.  Instead, Usman relies on unsupported generalizations to state, but for Mr. Smith's

alleged ineffective assistance, he would have not pleaded guilty and would have insisted on

proceeding to trial.  Such generalizations are insufficient to show the state habeas court applied

Strickland in an unreasonable manner.  Moreover, Usman fails to present any evidence the state

habeas corpus court's factual determination on this ground is unreasonable in light of the

evidence presented during the state habeas proceedings.  Usman is not entitled to relief on this

ground.

> **3.**     ***Usman does not meet his burden of showing the state habeas court applied Strickland in an unreasonable manner to his claims appellate counsel should have raised claims of trial court error and ineffective assistance claims of guilty plea counsel on direct appeal (Grounds 3(a) and (c)).***

Respondent asserts the state habeas court's determination on Usman's claims of

ineffective assistance of appellate counsel is entitled to deference because the determination was

reasonable.  Doc. 10-1 at 17–18.  Respondent notes the state habeas court found appellate

counsel raised what he believed to be the best issues for a direct appeal on a guilty plea and

Usman does not make a suggestion of what claims appellate counsel should have raised.

Respondent states Usman cannot show a viable claim appellate counsel could have raised that likely would have resulted on a different outcome on appeal.  Id.

Usman maintains guilty plea counsel's ineffectiveness was "on the face of the record[]" because guilty plea counsel "[d]efraud[ed]" and misled Usman about "the right of a jury trial . . . [and by a]llowing similar transaction without holding a hearing . . . ."  Doc. 16 at 18.  Usman claims had appellate counsel reviewed the transcripts, he would have "clearly seen on the face of the record" these two claims instead of telling Usman he could not raise any more issues.  Id.

The state habeas court determined this ground lacked merit.  The court noted the record revealed Mr. Vo, appellate counsel, was appointed and entered an appearance after Usman filed a notice of appeal pro se.  Doc. 11-2 at 14.  The state habeas court noted Mr. Vo could not have filed a motion for a new trial, as a person who entered a guilty plea cannot get a new trial when there was no trial in the first place.  Id.  In addition, the state habeas court noted Mr. Vo could not have raised ineffective assistance of guilty plea counsel claims on appeal because "such an issue generally requires factual development and would not lie in a direct appeal for that reason."  Id. at 15.  Further, the state habeas court noted Mr. Vo could only pursue the appeal and raise claims that could be resolved from the plea transcript, which is what he did.  The state habeas court concluded Usman did not show the requisite prejudice on his claim of ineffective assistance of appellate counsel.  Id.

Usman did not show the requisite prejudice during his state habeas proceedings stemming from Mr. Vo's alleged ineffective assistance.  Usman presents no evidence the state habeas corpus court's factual determination on this ground is unreasonable in light of the evidence presented to it.  Usman also does not show the state habeas court applied Strickland in an

unreasonable manner based on the facts before it.  Thus, Usman is not entitled to relief on this ground.

> ### 4.    Usman does not meet his burden of showing the habeas court applied <u>Strickland</u> in an unreasonable manner to his claim guilty plea counsel was vindictive (Ground 4).

Respondent alleges guilty plea counsel reviewed the discovery in the case with Usman and discussed his options with him.  Usman decided "early on . . . he wanted to plead guilty due to the overwhelming evidence of guilt."  Doc. 10-1 at 14.  Respondent notes Usman's guilty plea counsel discussed his constitutional rights and was "confident" Usman was fully informed of the consequences of entering into a non-negotiated plea agreement.  <u>Id.</u> at 15.  Respondent concludes the state habeas corpus court reasonably determined Usman did not show guilty plea counsel's performance was deficient or establish the requisite prejudice.  <u>Id.</u> at 16–17.

Usman claims his guilty plea counsel knew where he was on the date of the offenses, yet counsel failed to investigate or secure testimony from witnesses.  According to Usman, guilty plea counsel was biased against him based on the nature of the charges.  Doc. 16 at 19.

In determining Usman had not met his burden on this ground, the state habeas court recounted Mr. Smith and Usman had reviewed the plea petition and the waiver-of-rights form.  Doc. 11-2 at 11.  In addition, the court noted Usman did not tell Mr. Smith he wanted to withdraw his plea after the plea hearing or before sentencing.  Usman was informed of his potential sentence and the rights he was waiving by entering into a plea agreement, including the rights to a jury trial and to confront witnesses and the privilege against self-incrimination.  <u>Id.</u> The court noted the prosecutor provided a factual basis for the charges to which Usman agreed to plead guilty.  Further, the court found Usman understood the charges he faced and potential sentence, the rights he was waiving, his desire to plead guilty, and that he had not been

threatened, coerced, or promised anything.  Id. at 11–12.  The state habeas court concluded Usman had not shown his guilty plea was not entered into knowingly, voluntarily, or intelligently and, thus, this ground was without merit.  Id. at 12.

Usman also fails to show entitlement to relief on this ground.  Usman does not show the state habeas court applied Strickland in an unreasonable manner.  In addition, in looking at the propriety of Usman's plea process, the court reviewed the record before it in light of the decision in Boykin v. Alabama, 395 U.S. 238, 242 (1969), and determined Usman's plea was knowing, voluntary, and intelligent.[3]  Usman has not shown this determination resulted from an unreasonable application of clearly established law, nor has Usman presented any evidence the state habeas corpus court's factual determination on this ground is unreasonable in light of the evidence presented to it.  Accordingly, Usman is not entitled to relief on this ground.

## II.    New, Procedurally Defaulted Claims

Respondent asserts two of Usman's claims of ineffective assistance of appellate counsel—refusing to supplement the appeal and misleading Usman when he asked counsel to supplement the appeal (Grounds 3(c) and 3(d))—are new but procedurally defaulted under the successive petition rule.  Doc.10-1 at 18–19.  Respondent contends Usman could have raised these two claims during his state habeas case because these claims are based on facts and law in existence at the time his habeas proceedings were pending.  In addition, Respondent contends Usman fails to show cause and prejudice to overcome his default of these two claims.  Id. at 21.

Usman responds he attempted to submit letters he wrote to his appellate counsel and Mr. Vo's response, but the judge rejected his attempt without explanation.  Doc. 16 at 19.  Usman states these letters show counsel gave misleading advice about raising more claims on appeal.

---

[3]      In Boykin v. Alabama, the Supreme Court determined the record must indicate a guilty plea was entered into knowingly and intelligently.  395 U.S. 238, 242–44.

Before bringing a § 2254 habeas petition in federal court, a petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion.  28 U.S.C. §§ 2254(b), (c).  When a federal habeas petition raises a claim that has not been exhausted in state proceedings, the district court ordinarily must either dismiss the petition, "leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court[,]" Kelley v. Sec'y for Dep't of Corr., 377 F.3d 1317, 1351 (11th Cir. 2004) (internal citation and punctuation omitted), or grant a stay and abeyance to allow the petitioner to exhaust the unexhausted claim.  See Rhines v. Weber, 544 U.S. 269, 277–79 (2005).  "[W]hen it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default, [the district court] can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief."  Kelley, 377 F.3d at 1351 (punctuation in original).  The unexhausted claims should be treated as if procedurally defaulted.  A petition is "due to be denied with prejudice [if] there are no state remedies left to exhaust and all of the claims are either meritless or procedurally defaulted[.]" Chambers v. Thompson, 150 F.3d 1324, 1326 (11th Cir. 1998).

The successive petition rule is found in O.C.G.A. § 9-14-51, which provides:

> All grounds for relief claimed by a petitioner for a writ of habeas corpus shall be raised by a petitioner in his original or amended petition.  Any grounds not so raised are waived unless the Constitution of the United States or of this state otherwise requires or unless any judge to whom the petition is assigned, on considering a subsequent petition, finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition.

This statute "can and should be enforced in federal habeas proceedings against claims never presented in state court, unless there is some indication that a state court judge would find the

claims in question could not reasonably have been raised in the original or amended [state] petition." Ogle v. Johnson, 488 F.3d 1364, 1370 (11th Cir. 2007) (alteration in original).

"A federal court may consider the merits of a procedurally defaulted claim only if the petitioner can show both 'cause' for the default and 'prejudice' from a violation of his constitutional right." Hittson v. GDCP Warden, 759 F.3d 1210, 1260 (11th Cir. 2014) (quoting Wainwright v. Sykes, 433 U.S. 72, 84–85 (1977)).  To establish cause, a petitioner must ordinarily "demonstrate 'some objective factor external to the defense' that impeded his effort to raise the claim properly in state court." Ward v. Hall, 592 F.3d 1144, 1157 (11th Cir. 2010) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).

In his state habeas petition, Usman raised ineffective assistance of appellate counsel claims based on Mr. Vo's alleged failure to: investigate the case before filing an appeal because he would have discovered the trial court erred by allowing a similar transaction into evidence without a hearing and not sufficiently advising Usman regarding the waiver of his right against self-incrimination and of his post-conviction rights; raise ineffective assistance of trial counsel claims; and create a record on appeal by raising only one issue.  Doc. 11-1 at 17.  Usman did not, however, raise two ineffective assistance of appellate claims during his state habeas proceedings—refusing to supplement the appeal and misleading Usman when he asked counsel to supplement the appeal (Grounds 3(c) and 3(d)).  Usman stated during the evidentiary hearing all of his arguments were contained in his petition.  Doc. 11-5 at 7, 14.  The only thing Usman mentioned about Mr. Vo during the hearing is he tried to get Mr. Vo to raise ineffective assistance of trial counsel claims on appeal, but he refused to do so.  Id. at 13.  The judge did not admit into evidence any correspondences Usman wished to submit on hearsay grounds, as Mr. Vo was not present at the hearing to testify.  Id. at 13–14, 33.

Contrary to Usman's assertion, he did not raise as issues during the state habeas proceedings his claims Mr. Vo rendered ineffective assistance on appeal by refusing to supplement the appeal and misleading Usman when he asked counsel to supplement the appeal (Grounds 3(c) and 3(d)).  Thus, these two grounds are procedurally defaulted.[4]  This Court cannot review the relative merits of these two grounds unless Usman can show cause and prejudice to overcome this default.  Usman cannot rely on the judge's decision to not admit these correspondences during the habeas proceedings to show cause for his failure to raise these two grounds in his state habeas.  Usman could still have raised these grounds during his state habeas corpus proceedings, even without the admission of these correspondences.  Additionally, Usman fails to show he was prejudiced by the state habeas judge's exclusion of these correspondences.  Because Usman fails to show both cause and prejudice, he does not overcome his procedural default.  The Court cannot review the relative merits of these two grounds.  The Court should **DENY** these portions of Usman's Petition.

## III.    Usman Is Not Entitled to an Evidentiary Hearing

Evidentiary hearings are limited within the context of § 2254 petitions.  The relevant statute provides:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>
> > (A) the claim relies on—
> >
> > > (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

---

[4]    The Court's review of the record indicates Usman also did not raise a claim in his state habeas proceedings Mr. Smith was "vindictive."  Although the Court reviewed this particular claim in § I(C)(4) as a subpart of Usman's ineffective assistance of guilty plea counsel claim, the Court could also find Usman procedurally defaulted this claim and did not show cause and prejudice to overcome his default.

(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

Usman has not shown his entitlement to an evidentiary hearing at this time. Usman's assertions do not rely on any retroactively applicable law that was not available to him on previous occasions, and the factual predicates of his claims were already known to him. The grounds Usman advances in his Motion do not meet the requirements of § 2254(e)(2). In addition, the Court has sufficient filings to address each of Usman's enumerations of error, as the Court was able to reach a determination on each enumeration. Accordingly, the Court **DENIES** Usman's Motion.

## IV. Leave to Appeal *in Forma Pauperis* and Certificate of Appealability

The Court should also deny Usman leave to appeal *in forma pauperis* and deny him a Certificate of Appealability. Though Usman has not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Pursuant to Rule 11 of the Rules Governing § 2254 Cases, "the district court must issue or deny a certificate of appealability when it issues a final order adverse to the applicant." (emphasis supplied); see also Fed. R. App. P. 24(a)(3) (trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous

claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An in forma pauperis action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a Certificate of Appealability is issued.  A Certificate of Appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right.  The decision to issue a Certificate of Appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  In order to obtain a Certificate of Appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Id.  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000).  "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims."  Miller-El, 537 U.S. at 336.

Based on the above analysis of the filings in this case and applicable case law and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a Certificate of Appealability.  Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith.  Thus, the Court should likewise **DENY** Usman *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **DENY** Usman's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, doc. 1, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Usman leave to proceed *in forma pauperis* and a Certificate of Appealability.  I **DENY** Usman's Motion for Evidentiary Hearing.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 12th day of July, 2023.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA